UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACKANIK VASHAWN TURNER,
on behalf of himself and all others
similarly situated,

    Plaintiff,

v.                                Case No.

BLACKSTONE MEDICAL
SERVICES, LLC,

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ACKANIK VASHAWN TURNER, on behalf of himself and all others similarly situated, hereby sues Defendant, BLACKSTONE MEDICAL SERVICES, LLC ("Blackstone" or "Defendant") and states as follows:

**INTRODUCTION**

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff and all other current and former employees of Defendant that are similarly situated.

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, Blackstone, is a Florida Limited Liability Company authorized and doing business in this Judicial District.

4. Defendant, Blackstone, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

5. Defendant, Blackstone is the "leading service provider in the home sleep testing industry."

6. Plaintiff is an adult and a resident of Pinellas County, Florida.

7. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8. At all times material, Defendant willfully violated the Fair Labor Standards Act.

9. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

11. Plaintiff, ACKANIK VASHAWN TURNER, was employed by Defendant as an inside tele-salesperson from approximately October 2020 to March 5, 2021. In this role, Plaintiff, and others similarly situated, were non-exempt employees under the Fair Labor Standards Act.

12. Throughout his employment with Defendant, Plaintiff regularly worked more than 40 hours per week for which he was not paid time and half his regular rate of pay, despite being non-exempt under the FLSA.

13. Throughout his employment, Plaintiff was required to work past his regularly scheduled shift off the clock in order to complete tasks and leads assigned by Defendant, which resulted in Plaintiff working in excess of 40 hours per week for which he was not compensated at the rate of time and a half his regular rate of pay.

14. Throughout his employment with Defendant, Plaintiff regularly worked through his meal period; however, Plaintiff was not compensated for the time worked.

15. In addition to his regular hourly rate, Plaintiff was earned additional compensation in form of commissions and PHMP payments. Notwithstanding this additional remuneration, such payments were not factored into Plaintiff's regular rate of pay in those workweeks in which overtime compensation was paid.

16. Defendant employed, and continues to employ, numerous inside tele-salespersons who were and are non-exempt employees, had to adhere to the same policies and procedures of Defendant and had the same work requirements, job duties, and compensation structure as Plaintiff.

17. Plaintiff, and all others similarly-situated, were/are working in excess of forty (40) hours per work week and Defendant knew or should have known.

18. At all times material, Plaintiff, and all other similarly-situated, were regularly required to work in excess of the maximum hours allowed by law (overtime hours). However, Defendant failed to keep accurate time records reflecting the hours worked by Plaintiff and others similarly-situated.

19. Plaintiff, and all others similarly-situated, were/are not exempt from the overtime provisions of the FLSA. Therefore, Plaintiff, and all others similarly-situated, are entitled to overtime compensation for all overtime hours worked under the FLSA.

20. Defendant's violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly-situated.

21. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

22. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-one (21).

23. Defendant, Blackstone, is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

24. Defendant, Blackstone, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

26. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of his job with Defendant. 29 U.S.C. §207(a)(1).

26. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the proper overtime rate.

27. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

28. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

29. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

30. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week and that it was improperly calculating Plaintiff's rate of pay.

31. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

32. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ACKANIK VASHAWN TURNER, respectfully requests that judgment be entered in his favor against Defendant, BLACKSTONE MEDICAL SERVICES, LLC, including, but not limited to:

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Determining that the FLSA was violated and an adjudication on the merits of the case;

    f. Ordering any other further relief the Court deems just and proper.

### COUNT II – FAIR LABOR STANDARDS ACT - COLLECTIVE ACTION

35. Plaintiff, ACKANIK VASHAWN TURNER, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty one (21).

36. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly-situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

37. At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that individuals similarly-situated to Plaintiff worked for Defendant in excess of the maximum hours allowed by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

38. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant in the same or similar position held by Plaintiff during the applicable statute of limitations, who have not been properly compensated at one and one-half times their regular rate of pay for all overtime hours worked, and for Defendant's failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

39. The putative class members are current, former, and future inside tele-sales representatives of Defendant who worked in excess of forty hours in at least one work week during the past three (3) years.

40. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their compensation as employees of Defendant.

41. The names and addresses of the putative class members are available from Defendant for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

42. Defendant's failure to pay such similarly-situated individuals the required overtime pay was intentional and willful.

43. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly-situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, ACKANIK VASHAWN TURNER, individually and on behalf of all others similarly-situated, respectfully requests all legal and equitable relief allowed by law including, but not limited to:

(a) Designation of this action as a collective action on behalf of Plaintiff and all others similarly-situated;

(b) Judgment against Defendant for overtime compensation, liquidated damages, and prejudgment interest;

(c) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

44. Plaintiff, ACKANIK VASHAWN TURNER, on behalf of himself and all others similarly situated, demands a trial by jury.

Dated this 5th day of April, 2021.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48931
miguel@fgbolaw.com

**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*