# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ACKANIK VASHAWN
TURNER, et al.

    Plaintiffs,

v.                                                       Case No. 8:21-cv-0813-KKM-CPT

BLACKSTONE MEDICAL
SERVICES, LLC and VICK TIPNES,

    Defendant.
_____/

## ORDER

On April 30, 2021, Defendant Blackstone Medical Services, LLC, filed a motion to dismiss Plaintiffs' complaint or compel mediation and arbitration. (Doc. 13). Although it is unclear whether the motion is opposed,[1] Plaintiffs have failed to timely respond to the motion. Accordingly, the Court is treating the motion as unopposed. *See* Local Rule 3.01(c). Upon review of the agreement executed between the parties, (Doc. 13, Exhibits 1 & 2), the Court is satisfied that a valid dispute resolution agreement exists and therefore grants Blackstone Medical Services, LLC's motion.

Each Plaintiff signed a "Receipt and Acknowledgment of Blackstone Medical Services Office Policy Manual" (Doc. 13, Exhibit B), and thereby agreed to abide by

---

[1] Blackstone Medical Services, LLC's motion states that "Plaintiff's counsel . . . advised that he has not had the ability to confer with his clients regarding the contents of [the] motion, and therefore has advised he is unable to state whether he agrees or opposes the motion." (Doc. 13, at 3).

the "Dispute Resolution Policy" (Doc. 13, Exhibit A). The Policy requires that all employment-related disputes—including claims related to violations of federal law, which the Complaint alleges, *see* (Doc. 1)—"must first be submitted to non-binding mediation through a mutually agreeable mediator" (Doc. 13, Exhibit B). "If the dispute is not resolved by mediation," the Policy provides that "the exclusive avenue for resolving any disputes shall be to submit the dispute to and resolved exclusively through binding arbitration conducted by an impartial arbitrator selected in compliance with the voluntary arbitration rules of the American Arbitration Association." (*Id.*). Considering Plaintiffs' agreement to these terms as a condition of their employment, *see* (Doc. 13 at 1), the Court grants Blackstone Medical Services, LLC's motion and enforces the dispute resolution policy agreement. *See* 9 U.S.C. §§ 2, 3, & 4.

Accordingly, it is **ORDERED**:

1. Blackstone Medical Services, LLC's Motion to Compel Arbitration (Doc. 13) is **GRANTED**. The parties shall proceed to non-binding mediation in accordance with the terms of the dispute resolution policy. If the dispute is not resolved by mediation, the parties shall then proceed to arbitration in accordance with the terms of the dispute resolution policy.

2. These proceedings are hereby **STAYED** and the Clerk is directed to **ADMINISTRATIVELY CLOSE** the case. The Court retains jurisdiction of the case to adjudicate any post-mediation or post-arbitration motions the parties may make.

3. The parties shall file a joint status report on **August 27, 2021**, and every ninety (90) days thereafter advising the Court on the progress of the dispute resolution. The parties must immediately notify the Court upon the resolution of the claims asserted in this case.

**ORDERED** in Tampa, Florida, on May 25, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge